UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number:10-60349-CIV-MARTINEZ-BROWN

STEVEN DIPASQUALE, individually and on
behalf of all others similarly situated,
    Plaintiff,

vs.

DOCUTEK IMAGING SOLUTIONS, INC., et al.,
    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE BROWN'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Stephen T. Brown, United States Magistrate Judge for a Report and Recommendation on Plaintiff's Motion for Award of Attorney's Fees Pursuant to Court Order (D.E. No. 69) and Defendants' Motion for Final Judgment, and Consolidation of Final Judgments (D.E. No. 71). Magistrate Judge Brown filed a Report and Recommendation (D.E. No. 79), recommending that Plaintiff's Motion for Award of Attorneys' Fees Pursuant to Court's Order be granted in the amount of $1375.00 and that Defendants' Motion for Final Judgment, and Consolidation of Final Judgments be denied, except to the extent that the cost award be reduced to a judgment. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and after careful consideration, the Court affirms and adopts Magistrate Judge Brown's Report and Recommendation.

First, Defendants object arguing that Plaintiff's motion for attorney's fees should be denied because it fails to comply with Local Rule 7.3(a) in that the motion was not verified and

did not "disclose the terms of any applicable fee agreement." Magistrate Judge Brown found that denial of the motion was not warranted because Plaintiff's counsel substantially complied with the local rule by attaching an affidavit stating his hourly rate. Defendants argue that substantial compliance is not acceptable because the rule states that a motion "shall" be verified and "shall" disclose the fee agreement and because the parties are being held to different standards as Defendants have been sanctioned for failure to precisely comply with the local rules.

The Court agrees that the rule does state "shall" and does require certain elements in a motion for attorney's fees and/or costs. The local rule, however, does not require denial of a motion for its failure to strictly comply with the requirements of the rule. The local rule is in fact silent as to the consequences of failing to strictly comply with it. The Court is expected to use its discretion and finds that denying the motion with prejudice would most assuredly be an abuse of that discretion. In contrast, the rule Defendants Steven D. Staller and Gabrielle Warrington have been sanctioned for violating specifically states that failing to comply with it "may subject a party to sanctions by the Court." S.D. Local Rule 16.2(e). In this case, the Court found that the circumstances warranted sanctions. As the Court explained at the hearing held on December 9, 2010, the Court found it particularly disturbing that Defendants objected to Plaintiff's request to attend the mediation by telephone rather than travel from his home in Virginia and then the individual Defendants themselves did not show up at the scheduled mediation. The Court does not find the parties' different "violations" of the local rules in any way comparable.

Next, Defendants object to Magistrate Judge Brown's recommendation that the judgments not be consolidated. The Court, however, finds these objections are without merit. The judgments Plaintiff is seeking to consolidate were entered as long ago as November 16, 2010

and December 13, 2010. *See* (D.E. No. 56 and 68). The Court has not entered a final judgment on costs, however, the Court finds it inappropriate to consolidate the judgment on costs with the judgment on fees or the previously entered final judgment on sanctions, see (D.E. No. 68), as the judgment on costs is in favor of all Defendants and the judgment on fees and sanctions only applies to Defendants Steven D. Staller and Gabrielle Warrington. *See In re Harloff*, 289 B.R. 770, 777 (Bankr. M.D. Fla. 2002) (stating that a setoff is appropriate where "the debts subject to the setoff are mutual, meaning that they exist between the same parties standing in the same capacity.") (internal quotation marks deleted). Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge Brown's Report and Recommendation **(D.E. No. 79)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

1. Plaintiff's Motion for Award of Attorney's Fees Pursuant to Court Order (D.E. No. 69) is **GRANTED in part** and **DENIED in part**. The motion is granted in that Plaintiff is awarded $1375.00 in attorney's fees from Defendants Steven D. Staller and Gabrielle Warrington.[1] The motion is denied in all other respects.

2. Defendants' Motion for Final Judgment, and Consolidation of Final Judgments (D.E. No. 71) is **DENIED**. Separate final judgments shall be entered on the issue of fees and costs.

DONE AND ORDERED in Chambers at Miami, Florida, this 31 day of May, 2011.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

---

[1] The fees are awarded as sanctions for the individual Defendants' failure to appear at a mediation. It is undisputed that a corporate representative of Defendant Docutek Imaging Solutions, Inc. was present at the mediation. Thus, the corporate defendant has not been sanctioned.